## WILSON *vs.* THE STATE.

All the public officers of the State are required to keep records of their proceedings, and the stealing of these, is an offence known to, and punished by law.

It is not necessary that the stealing should be from a court of record, properly speaking —from any of the public offices makes the offence complete—stealing bank notes from a justice's court where they were regularly filed as part of the papers is within the statute.

Such crime charged with intent to defraud a corporation, is well laid.

THIS was an indictment for stealing the records of a justice's court, determined in Pulaski circuit court in December, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The indictment was against Wilson, Hunt, and Trowbridge, and charged that on the 25th of August, A. D. 1842, in the county of Pulaski, the defendants unlawfully and feloniously did steal, take and carry away, with intent to injure the Real Estate Bank of the State of Arkansas, certain bank notes of said Bank, which were duly filed and deposited, and made part of the records of a court holden by James D. Fitzgerald, an acting justice of the peace for Big Rock township in said county—concluding in the usual form. The defendants severed; Wilson pleaded guilty, and was sentenced to ten years' imprisonment in the penitentiary. The case came here by writ of error.

*Jordan & Knight*, for plaintiff.

*Watkins, Attorney General*, contra.

*By the Court*, LACY, J. There are two points made in this cause in arrest of judgment. The first is, that there is no sufficient averment that the Bank notes, which were stolen, were the records of a court of justice—the allegation being that they were stolen from a justice's court, and it is contended that is not a court of record. Whether a justice's court be or be not a court of record, according to the common law definition of that term, is wholly foreign to the point to be here decided. The offence, in this instance, consists in stealing any books, process or paper, belonging to any of the public offices of this State, or to the records of any court with intent to defraud, &c.

*Pen. Code, sec.* 8; such are the words of the act. All the public officers of the State are required to keep entries or records of their proceedings, and it is the stealing of these the Legislature interdicted, and that whether they belonged to courts of record properly speaking, or to any of the public offices. Certainly, the taking bank notes from .a justice's court where they were regularly filed as part of the papers falls within the offence comtemplated by the act, and the averment is therefore well laid.

The second point is equally untenable. The indictment charges the prisoners with having stolen the bank notes of the Real Estate Bank with intent to defraud the corporation. It is contended that the corporation is dissolved by the deed of assignment, which we are bound judicially to notice, as the deed was executed prior to the offence charged. This assumption cannot be maintained. But taking it for granted that the deed of assignment operates as a surrender or forfeiture of the charter—a point upon which we neither express nor intimate an opinion—still it is unquestionably true that there can be no surrender of the charter or forfeiture without a judicial judgment or decree of some court of competent jurisdiction. In the present case this is not pretended, and therefore the indictment is well framed in charging the offence to be committed with intent to defraud the corporation. The prisoner pleaded guilty to the charge; there are no fatal defects perceived in the indictment or the record. Judgment affirmed.